CHARLES R. McLEAN, executor, *vs.* THOMAS C. ROBERTSON.

Suffolk. March 26. — May 28, 1879. AMES & LORD, JJ., absent.

A testatrix by her will directed her executor to sell by public auction "my house and land situated on L. Street, the proceeds thereof to be distributed as follows: To R., a former partner of my husband, the sum of two hundred dollars, provided that it can be proved that it was loaned to my said husband to be put into the first money paid for this house, my executor to decide whether it is or is not proved that the money was so given." The will then gave eleven legacies to different persons, using in each case the words, "I give and bequeath," or "I give," followed by this clause: "All these specific bequests of money, in the event of there not being enough to pay them all in full, each one is to be paid in proportion to the sum left to him, and the event of any surplus to be shared in like manner." The executor decided that the money was so lent by R. to the husband of the testatrix. *Held*, that the provision in favor of R. was not subject to abatement *pro rata* with the other bequests, but that he was entitled to be paid the sum of $200 in full out of the proceeds of the sale of the house.

APPEAL by Thomas C. Robertson from a decree of the Probate Court, ordering distribution of the estate of Lucy Saunders, the seventh clause of whose will was as follows: " I give and bequeath, or rather I wish that my house and land situated on Liverpool Street be sold at public auction by my executor, and I hereby empower him to sell it in that manner, the proceeds

thereof to be distributed as follows: To Thomas Robinson, a former partner of my divorced husband, the sum of two hundred dollars, provided that it can be proved that it was loaned to my said husband to be put into the first money paid for this house, my executor hereinafter named to decide whether it is or is not proved that the money was so given." The will then gave eleven legacies to different persons, mostly relatives, using in each case the words, "I give and bequeath," or "I give," followed by 'his clause: "All these specific bequests of money, in the event of there not being enough to pay them all in full, each one is to be paid in proportion to the sum left to him, and the event of any surplus to be shared in like manner."

The Probate Court, on petition of the executor, praying for a decree of distribution of the balance of the estate in his hands among the persons entitled thereto under the will, made the fol lowing decree:

"It appearing by the account of said executor, that there is in his hands a balance of the estate of said deceased, not sufficient to pay the legacies of said deceased in full, and it further appearing that the legacy to Thomas C. Robertson, called in the will Thomas Robinson, was a conditional legacy, which has been determined in favor of said Robertson by said executor, thereto duly authorized by said will, it is ordered that said balance be distributed, *pro rata*, among the legatees under said will, including said Thomas C. Robertson."

Robertson appealed from this decree, alleging as reason of appeal that he should be paid in full the sum of $200. *Colt*, J., affirmed the decree; and Robertson appealed to the full court.

*I. D. Van Duzee*, for the appellant.

The appellee submitted the case without argument.

MORTON, J. The general rule is, that, where there is a deficiency of testamentary assets, after the payment of debts, expenses and specific legacies, the loss is to be borne *pro rata* by those pecuniary legacies which are in their nature general. But if the chances of a deficiency are anticipated and provided for by the testator, his directions will govern, and the loss must be borne by those upon whom he places it. *Towle* v. *Swasey*, 106 Mass. 100. If testamentary gifts are founded upon some valuable consideration, such as a relinquishment of the widow's

right of dower or a gift in performance of a valid contract, the general rule does not apply, but such legatees take as purchasers, and are entitled to priority over the general legatees.

In the case at bar, if the testatrix had made no provisions looking to a deficiency of assets, it is difficult to see how the legacy to the appellant could claim priority over the other legacies. It was not given in pursuance of any valid contract, and was not founded upon any consideration. But the testatrix made provisions in the will for a possible deficiency, and the question is whether she intended that the legacy to the appellant should be subject to abatement *pro rata* with the general legacies.

The amount given to him was intended to be in repayment of a like sum lent to the husband of the testatrix, and applied by him towards the payment for the house belonging to her. Though she was not under any legal liability to pay it, she seems to have recognized it as an equitable claim upon the proceeds of the house when sold. By the seventh article of her will she directs her executor to sell the house, "the proceeds thereof to be distributed as follows." Then follows the clause under which Robertson claims.

The will then gives eleven legacies to different persons, mostly relatives, using in every case the words, "I give and bequeath," or "I give," — language not used, it is to be observed, in the provision for Robertson. Then follows this clause: "All these specific bequests of money, in the event of there not being enough to pay them all in full, each one is to be paid in proportion to the sum left to him, and the event of any surplus to be shared in like manner." The words "all these specific bequests of money" might include the provision for Robertson, but they more naturally apply to the eleven bequests immediately preceding, which the testatrix has described as gifts or bequests. The provision as to the distribution of the surplus, if any, furnishes strong evidence that she did not intend to include the appellant within this clause. He was to be paid a fixed sum, determined by the amount which he had advanced towards paying for the house. There is nothing in the will or in the relations existing between the testatrix and Robertson which would justify the inference that she intended that he should in any event be paid more than that sum.

Upon the whole case, we are of opinion that the scheme and purpose of the testatrix was to have the house sold, to pay to Robertson the amount advanced by him, and to divide the residue of the proceeds, more or less, among the various legatees named in proportion to the sums named as bequests to them severally; and that it was not her intention that the sum left to the appellant should be subject to abatement if there was a deficiency of assets.                                        *Decree reversed.*