# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

MAY TERM, 1887.

---

ALEXANDER T. McGILL, Esq., ORDINARY.

---

HENRY B. DUNCAN, appellant,

*v.*

THE INHABITANTS OF THE TOWNSHIP OF FRANKLIN, IN THE COUNTY OF ESSEX, respondents.

1. Where general legatees are volunteers, taking of the testator's bounty, and there is nothing in the will to indicate that one shall be paid before another, their legacies must abate proportionately in case of deficiency of assets; but where a general legacy is sustained by a valuable consideration, such as the relinquishment of a debt or of a claim of dower, and the right to the claim constituting the consideration subsists at the testator's death, the legatee is entitled to full payment of his legacy, in preference to other general legatees, who take merely of the testator's bounty.

2. The burden of proving that a general legacy is entitled to priority in payment is upon him who asserts it.

143

Duncan *v.* Franklin Township.

3. The mere production of the will, by which a legacy was given in the following words : " I give and bequeath to Henry Benson Duncan, for his services in assisting me at different times, the sum of two thousand dollars," and which was executed more than six years before the testatrix's death, does not, without other proof, sustain this burden.

On appeal from order of Essex county orphans court.

*Mr. James M. C. Morrow,* for appellant.

*Mr. John A. Miller,* for respondents.

THE ORDINARY.

Jane D. Poineer, by her will, dated September 27th, 1875, and duly proved, by the executors named in it, before the surrogate of Essex county, on April 6th, 1882, after providing for the payment of her debts and funeral expenses, appointed the appellant, Henry B. Duncan, and one Hiram ·Van Winkle, executors of the will, and bequeathed several legacies, and among them one to the said Henry B. Duncan, in the following language :

" *Eighth*—I give and bequeath to Henry Benson Duncan, for his services in assisting me at different times, the sum of two thousand dollars."

It appeared by the executor's account, filed with the surrogate on July 20th, 1886, that the estate was insufficient to pay all the legacies in full, and also that the executors asked allowance for the payment of the legacy to Henry Benson Duncan by an item of discharge, as follows : " Paid Henry B. Duncan legacy under the will, for services rendered deceased in her lifetime, as stated in the will, $2,000."

To this item an exception was filed. The executors did not offer proof that services had been in fact rendered by Mr. Duncan to the testatrix for which an obligation to pay existed at her death, but relied entirely upon the will to justify their payment. The exception was sustained by the order of the orphans court, and from that order this appeal is taken.

The established rule is that, where general legatees are volunteers, taking of the testator's bounty, and there is nothing in the will to indicate that one shall be paid before another, their legacies must abate proportionately, in case of a deficiency of assets ; but where a general legacy is sustained by a valuable consideration, such as the relinquishment of a debt or of a claim of dower, and the right to the claim constituting the consideration subsists at the testator's death, the legatee is entitled to the full payment of his legacy in preference to other general legatees who take merely of the testator's bounty.   *Wms. on Exrs. 1365 ; 1 Roper on Leg. 432 ; Schouler's Executors and Administrators § 490 note ; 2 Redf. on Wills 452.*

The burden of proving that a general legacy is entitled to priority is upon him who asserts it, and the proof must be clear, conclusive and unequivocal.   *Titus* v. *Titus, 11 C. E. Gr. 111, 117 ; Shepherd* v. *Guernsey, 9 Paige 357.*

There is nothing in this bequest to Mr. Duncan or in the will to indicate that the testatrix intended that this bequest should be paid before the other legacies.

The expression " for his services in assisting me at different times," does not, standing alone, import an indebtedness from her to the legatee for which payment may be exacted by process of law.   For aught that appears to the contrary, the services may have been rendered gratuitously and the legacy may have been given in grateful recognition of them.   That the legacy was given because of a sense of moral obligation, or as compensation for services or other favors rendered as a mere voluntary courtesy, will not, if no legal obligation to pay exist at the death of the testatrix, constitute such a valuable consideration as to entitle the legacy to priority in payment.   *Coppin* v. *Coppin, 2 P. Wms. 291 ; Turner* v. *Martin, 7 De G. M. & G. 429 ; Towle* v. *Swasey, 106 Mass. 100.*

More than six years elapsed between the making of the will and the death of the testatrix, yet no evidence was offered to show that if a legal indebtedness to Mr. Duncan existed at the making of the will its payment was enforceable when the testatrix died.   The burden of proof, which was upon the executors,

10

was not discharged by the simple production of the will. As the case is presented no error in the order is shown. The order will therefore be affirmed, with costs.