IN RE ESTATE OF EMMA L. DREW, deceased; PAUL BAKEWELL, Executor, Appellant, v. ELLEN BATLEY, Respondent.

St. Louis Court of Appeals, July 5, 1916.

1. **WILLS: Construction: General and Specific Legacies: Abatement.** The general rule is, that specific legacies are preferred over general legacies, and, in the absence of express direction by the testator to the contrary, general legacies abate before specific legacies.

2. ———: ———: ———: ———. The fact that a testator makes a disposition of his residuary estate shows that he believed his estate would be ample to discharge all of the legacies; and, by making a legacy specific, he gives the strongest expression of an intention to exempt it from deduction or abatement.

3. ———: ———: ———: ———: Facts Stated. Testatrix bequeathed a certain sum of money to a religious institution. She devised her interest in a leasehold to a friend. She directed the executors of her will to resort to any real estate of which she died seized, if it was necessary to do so, to realize the sum bequeathed to the religious institution. She devised and bequeathed her residuary estate to her husband. She owned several parcels of real estate, in addition to the leasehold covered by the specific devise. The assets of the estate proving insufficient to pay the bequest to the religious institution, application was made by the executors for an order authorizing them to sell the leasehold devised by testatrix to her friend. *Held*, that the fact testatrix made a disposition of her residuary estate showed she believed her estate would be ample to discharge all of the legacies in her will, and by making the devise of the leasehold specific, she gave the strongest expression of an intention to exempt it from deduction or abatement, and the direction to the executors to resort to the real estate, if necessary, to pay the bequest to the religious institution, should be construed as a direction to utilize all of the estate not otherwise disposed of by the provisions of the will, and hence the application made by the executors was properly denied.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*J. L. Hornsby* for appellant.

(1) Although in the absence of special directions, general legacies abate before specific legacies, yet when the testator in his will indicates that certain legacies are to be given priority over others in case of a deficiency in the estate, his wishes will be enforced. The intention of the testator is the pole star in the construction of wills in this as in all else. 2 Woerner on Admin. (2 Ed.), sec. 451; Moore v. Moore, 50 N. J. Eq., 554; Brant's Will, 40 Mo. 266; Richardson v. Hall, 124 Mass. 233; Roper on Legacies, 292; Emery v. Batchelder, 78 Me. 233; Thurber v. Battey, 105 Mich. 718; Carter's Admr. v. Reynolds, 162 Ky. 39; Morse v. Tilden, 74 App. Div. (N. Y.) 132; Lee v. Smith, 84 Va. 288; O'Day v. O'Day, 193 Mo. 62. (2) Specific legacies abate in favor of general legacies when the general legacy is directed to be paid "out of all the personal estate." Page on Wills, sec. 771; 1 Underhill on Wills, sec. 390; Schouler on Wills, (5 Ed.), sec. 1490; Rood on Wills, sec. 755; Moore v. Moore, 50 N. J. Eq. 554; 40 Cyc, 1910, n. 73; 1 Am. & Eng. Ency. Law, 51, n. 6; Biddle v. Carraway, 6 Jones Eq. 95; 2 Williams on Executors (7 Am. Ed.), p. 662; White v. Mass. Inst., 171 Mass. 84.

*Abbott & Edwards* for respondent.

(1) "Respecting the duty of the courts as to the interpretation and construction of language used in last wills, section 4650, R. S. 1899 (Ann. St. 1906, p. 2518), furnishes the rule. That section requires that 'all courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them.'"

At the very inception of the discussion of the proposition now confronting us it is well to recall some of the cardinal rules in the interpretation of instruments of this character: First, the intention of the testator must be ascertained from the whole instrument; second, the words used are to be understood in the sense indicated by the whole instrument; third, that it is the duty

of the courts in the interpretation of last wills to give effect, if possible, to all the clauses of the instrument. Armour v. Frey, 126 S. W. 483; O'Day v. O'Day, 193 Mo. 62; Small v. Field, 102 Mo. 104; 11 L. R. A. (N. S.) 71, note.  (2) The fact that testatrix made a disposition of her residuary estate, shows that she believed her estate would be ample to discharge all of the legacies in her will.  Matter of Williams, 27 N. Y. Misc. 717.  (3) By making a legacy specific, the testator gives the strongest expression of his intention to exempt it from reduction or abatement.  Towle v. Swasey, 106 Mass. 106.  (4) The presumption of intended equality prevails between general legatees as a class, and between specific legatees as a class, where such legatees are mere beneficiaries, and that equality and respect to the share to be borne in all deficiencies of assets will not be disturbed without clear evidence in the will of a different intention.  Richardson v. Hall, 124 Mass. 233.  (5) To permit executors to take one specific legacy and omit to take the others, would require clear and conclusive proof of such an intention on the part of testatrix.  Appeal of the Trustees of the University of Pa., 97 Pa. State, 200.  (6) If the words "personal estate" as used in this will, included the specific legacies as executor contends, then a slight deficiency in cash for item 1 would necessitate a sale of some property specifically disposed of (as for example, "mementoes") rather than a sale of realty which was to pass under the residuary clause.  By the words "personal estate" testatrix did not mean to give the general legacy preference over the specific legacies as appellant contends and she did not mean to give the residuary clause preference over specific legacies.  Such an interpretation would well-nigh make the specific legacies mockeries.  She meant personal estate other than specific legacies, and the words "personal estate" must be read in the light of the entire instrument.  Allison v. Chaney, 63 Mo. 279; Nichols v. Boswell, 103 Mo. 151.  (7) It is only where "all of the testator's estate is specifically bequeathed" that specific legacies abate in favor of a general legacy di-

rected to be paid "out of all the personal estate," the reason being that "otherwise the words of the bequest to the pecuniary legatee would be nugatory." Furthermore, the words "out of all the personal estate" must in the light of the whole instrument clearly include specific legacies. In the case at bar testatrix left real estate, cash and personal property other than the specific legacies. 40 Cyc. 1910, Note, page 73; 7 Williams on Executors (7 Am. Ed.), p. 662.

NORTONI, J.—This proceeding originated in the probate court, in the form of an application for an order of sale, and found its way into the circuit court by appeal.

The controversy arose over the interpretation of the will of Emma L. Drew, deceased. Mrs. Drew, by item 1 of her will, bequeathed to St. Stanislaus Seminary the sum of $12,000. By item 5 of her will, she made a specific devise to Ellen Batley of her interest in a leasehold in certain property in St. Louis. It transspired that there was insufficient personal property in the estate of Mrs. Drew to pay the general legacy of $12,000 to St. Stanislaus Seminary provided for in item 1 of the will and the executors thereupon prayed an order of the court authorizing the executors to sell the leasehold involved in the specific legacy to Miss Batley, so as to realize funds with which to compensate the general legacy to St. Stanislaus Seminary. In other words, it is sought to abate the specific legacy to Miss Batley in favor of St. Stanislaus Seminary, in the view that the will discloses an intention on the part of the testator that such general legacy should be paid at all events. The court denied the application of the executors and they prosecute an appeal from that judgment.

We copy the entire will, to the end that the provisions thus drawn into question may speak for themselves, as follows:

"State of Missouri, ⎫ ss.
  City of St. Louis. ⎭

"I, Emmma L. Drew, of said city and State, do hereby make, publish and declare this my last will and testament.

"Item 1. I give and bequeath to St. Stanislaus Seminary at Florissant, in the county of St. Louis, said State, for the purpose for which said seminary was founded and established, to-wit: the education of young men for priesthood in the Roman Catholic Church, the sum of twelve thousand dollars.

"Item 2. I give and bequeath to the church of the Roman Catholic faith situate in said city, at the southwest corner of Grand and Lindell avenues for use upon its altars all my jewels and jewelry, said church being called St. Francis Xavier Church, and I direct my executors hereinafter named, to deliver said jewels and jewelry to the Reverend Rector of said church after my death.

"Item 3. I give and bequeath to the directress of the Sodality of the Children of Mary, a sodality at the Convent of the Ladies of the Sacred Heart situate in said city at the northeast corner of Maryland and Taylor avenues, all my clothing in trust to distribute same among deserving poor persons.

"Item 4. I give and bequeath to my dear children as mementos : l my books and articles of devotion, the same to be divided among those of my children that shall survive me as my oldest child shall direct.

"Item 5. I give, devise and bequeath to my dear friend Miss Ellen Batley of the city of Philadelphia and State of Pennsylvania all my interest in the leasehold of the real estate and improvements at the northwest corner of Jefferson avenue and Chestnut street of thirty-one feet and eleven and one-half inches and a width on the alley to the north of fifty-three feet and eight inches, for and during her natural life, with remainder to my husband, Francis A. Drew, if then in life, and in the event of his death before the termination of said life

estate, the said remainder shall vest in my children share and share alike, the child or children of a deceased child to inherit a parent's share.

"Item 6. All the rest and residue of my estate I give, devise and bequeath to my said husband, should he survive me, and, in the event of his death before mine, then to my children, share and share alike, the child or children of a deceased child to have a parent's share, and should either of the foregoing bequests for any reason fail it is to be disposed of by this item of my will.

"Item 7. I nominate, constitute and appoint Paul Bakewell and George S. Drew executors of this my last will and testament, and I direct, that they shall. not be required to give bond and security for the performance of their duties, and I further direct that in carrying out item 1 of this my will said executors convert into money such securities and other personal estate as may be most advantageously disposed of, at private or public sale and with or without advertisement, as may in their discretion seem best, to make the said sum of twelve thousand dollars or any deficiency that may remain between said sum and money which I may have at the time of my death, and should my personal estate prove insufficient resort may be had to any realty of which I may die seized and possessed.

"Given under my hand and seal this 19th day of July, A. D. 1900.

(Sgd.) EMMA L. DREW. (Seal)"

It appears that the testatrix owned several parcels of real estate, and these are inventoried in the estate. As this real estate was not otherwise disposed of, it passed into the residuum of the estate under item 6 of the will, subject to payment of debts. The real estate has been sold, the debts paid, and a few hundred dollars only remain in the hands of the executors. It is sought here to abate the specific legacy created in favor of Misss Batley in item 5 in favor of the general legacy created in item 1 of the will, in the view that a manifest intention is revealed in the will to compensate the general legacy under item 1 at all events.

It is conceded that item 1 of the will, by which $12,-000 is devised to St. Stanislaus Seminary, is a general legacy. It is conceded, too, that item 5 of the will, by which the testatrix' interest in the leasehold is devised to Miss Batley, is a specific legacy. The general rule, that specific legacies are preferred over general legacies, and that, in the absence of express direction by the testatrix to the contrary, general legacies abate before specific legacies, is in no wise questioned. But it is argued that the intention of the testatrix must control in every case, where the interpretation of the will comes into question, and that it is manifest here from the provisions of the will that the testatrix intended the general legacy provided in item 1 should be paid at all events.

The language in item 7 of the will is pointed out as revealing this intention. The language thus relied upon is:

"I further direct that in carrying out item 1 of this my will said executors convert into money such securities and other personal estate as may be most advantageously disposed of, at private or public sale . . . to make the said sum of $12,000 or any deficiency that may remain between said sum and money which I may have at the time of my death, and should my personal estate prove insufficient, resort may be had to any realty of which I may die seized and possessed."

It appears that this will was executed in July, 1900 —more than ten years before the testatrix departed this life. No doubt she at the time possessed sufficient personal property to satisfy the several specific bequests, for she treated with the matter in that view and even provided for the residuum of her estate. It is said the fact that testatrix made a disposition of her residuary estate showed that she believed her estate would be ample to discharge all of the legacies in her will. [Matter of Williams, 27 N. Y. Misc. 714, 717.] Moreover, by making a legacy specific, the testatrix gives the strongest expression of an intention to exempt it from deduction or abatement. [See Towle v. Swasey, 106 Mass. 100, 106.] From these recognized principles, it would

seem that Mrs. Drew believed her estate was probably sufficient to satisfy the several bequests and that she intended the specific legacies should not abate in favor of the general legacy above referred to. Especially is this true when we see the will refers to the real estate, if necessary, to compensate the general legacy in item 1. It is, therefore, not clear from the language in the seventh item of the will, when considered with the whole, that she intended an abatement of any of her specific legacies of personalty to liquidate the general legacy.

It is argued that the direction of the testatrix in item 7 of the will, that the executors convert into money such securities and other personal estate as may be advantageously disposed of, should be read as a direction to convert into money "all of my securities and other personal estate," in which event an abatement of the specific legacies would be declared in favor of the general legacy, if the remaining personalty should prove insufficient. But obviously this language intends that the executors should convert all of the securities and personal estate not otherwise disposed of by the provisions of the will. Furthermore, if the argument of the executors is to be regarded as sound, then we must understand that the testatrix intended the specific legacies to her children as mementos concerning her books and articles of devotion should abate in favor of the general legacy and likewise that concerning her jewels to be placed upon the altar of St. Francis Xavier Church and her clothing, which, through a spirit of charity, is awarded to the worthy poor, through the offices of the directress of the Sodality at the Convent of the Ladies of the Sacred Heart; for why should one specific legacy abate rather than another? It would be cruel to attribute such an intention to this good lady, when we consider the sacred character which attends the gifts of these smaller items.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.