JAMES A. BAILEY & another, trustees, *vs.* HARRIET F. MILLIGAN, executrix, & others.

Middlesex.    January 26, 1926. — May 27, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trust*, Construction of instrument creating trust.

A man in 1911, when possessed of property amounting to $110,000, in anticipation of marriage made a will and at the same time an agreement with his intended wife in which she agreed to accept the provisions of the will in lieu of all interest in his estate and he agreed not to change the will.    The will in a residuary clause set up a trust fund; to the widow was to be paid one third of the income during her life and, if such income did not equal $2,000, enough of the principal to make up that sum was to be used; one sixth of the income was to be paid for life to each of the testator's three sisters and a brother, and if such one sixth did not equal $1,000, enough of the principal to make up such amount was to be used; upon the death of any of the five beneficiaries for life, the share of income theretofore received by such deceased person was to go to the survivors, provided none of the testator's children were then under twenty-five years of age; $10,000 was to be paid to each of the testator's children when such child became twenty-five years of age; and the residue was to be paid to certain charitable institutions. In 1913 the testator and his wife became estranged and he gave $90,000 to one of his sisters.    The other two sisters died before the testator, who died in 1923 leaving an estate amounting to $24,000.    After negotiations with the widow, the surviving sister established a trust fund of $50,000, the entire income of which was to be paid to the widow during her life, with provisions for payments of income to the testator's children and the sister after the children became twenty-one years of age, and other provisions for the children after the widow's death. The testator's brother died shortly after the testator.    Upon a petition by the trustee under the will for instructions, it was *held*, that

(1) In determining how a loss should be borne in case of a deficiency of assets, the primary consideration was the intention of the testator;

(2) The provision for the widow was entitled to priority over all others because it was founded on a valuable consideration;

(3) The right of the widow to priority was not affected by the establishment of the trust fund by the sister, it being extraneous to the establishment of the trust under the will;

(4) The provisions for annuities to the testator's sisters and brother for life showed a clear intention that those provisions should have priority over all others except that for the benefit of the widow;

(5) The provisions in the will for the children were general in their nature and were subject to those for the widow and the sisters and brother, but were prior to those for the charitable institutions;

(6) A decree following the above principles was affirmed.

PETITION, filed in the Probate Court for the county of Middlesex on July 23, 1924, by trustees under the will of Theodore Parker Harding, late of Arlington, for instructions.

A guardian *ad litem* for minor children of the deceased was appointed.

The petition was heard by *Leggat,* J. Material facts found by him and a decree entered by his order are described in the opinion. The guardian *ad litem* appealed.

The case was submitted on briefs.

*F. A. Jenks,* for George R. Blinn, guardian *ad litem.*

*W. H. Powers,* for Helen Bott Harding.

*E. R. Sparrow,* for Marion I. Harding.

SANDERSON, J. This is a petition for instructions by the trustees under the will of Theodore Parker Harding. The will was made in October, 1911, in anticipation of marriage, and on the same date an antenuptial agreement with Helen L. Bott, who afterwards became his wife, was executed. Two children were born of the marriage, one in 1912, and the other in 1914, both of whom are living.

When these instruments were executed the testator had approximately $110,000. The husband and wife became estranged in 1913, and the testator at about that time gave to his sister, Marion I. Harding, $90,000. He died April 27, 1923. After his death his widow engaged counsel to enforce her rights under the antenuptial agreement. As the result of negotiations, she and Marion I. Harding made a contract by which $50,000 was paid by the latter to James A. Bailey and Lindsey K. Foster as trustees. The antenuptial agreement provided, among other things, that the will then drawn should not be changed. Helen L. Bott agreed to accept the provisions of that will in full for all interest in the testator's estate and to release all dower or other interest therein to his representatives or heirs. By the will Walter H. Harding and James A. Bailey were named executors and trustees, and were given the residue of the estate in trust, to invest

and pay $10,000 to each of the testator's children when such child became twenty-five years of age; to pay the net income, one third to Helen L. Bott, and if in any year such one third was less than $2,000 then to pay her such part of the principal as would make, with the one third of the income, $2,000; to pay to each of the testator's sisters and to his brother, one sixth of the net income, and if in any year that one sixth was less than $1,000, then to pay to each, such part of the principal as would with the income make $1,000. Upon the death of any of the five beneficiaries for life, the share of income theretofore received by such deceased person was to go to the survivors, provided none of the testator's children were then under twenty-five years of age, and when the youngest child became twenty-five years of age the principal then remaining was to be divided, $10,000 to the Symmes Arlington Hospital, $10,000 to the Lend a Hand Society, and the residue to the Franklin Square House.

The agreement made between Mrs. Harding and Marion I. Harding provided that during the life of the children of Mrs. Harding, and prior to either attaining the age of twenty-one, the entire net income was to be paid to Mrs. Harding so long as she should live. When the children attain the age of twenty-one, the trustees are to pay out of the net income $500 to each child attaining such age, and pay to Mrs. Harding the balance. Upon the death of Mrs. Harding, one half the net income is to go to each child until he is twenty-five years old, when one half the principal of the trust fund is to be paid him with certain provisions in case either child dies before reaching that age. Two of the testator's sisters died during his life, and one sister, Marion I. Harding, and the brother survived him; but this brother died in 1923, some time after the death of the testator. At the time of the testator's death, his estate was valued at a little over $26,000, and its value now is about $24,000. It is insufficient to pay to each child $10,000 when such child reaches twenty-five years of age, and in the meantime to make the payments of income and principal provided for in the will. The trustees seek to be instructed as to what gifts in the will are entitled

to priority and in what manner they shall hold and administer the principal and income of the trust fund.

In the decree the court ordered that one third of the income and enough of the principal to make $2,000 annually should be paid to the widow during her life, and that that gift was entitled to priority and preference over all others; that one sixth of the income and enough of the principal to make $1,000 annually was to be paid to Marion I. Harding during her life, and this gift was entitled to priority and preference over all others except that to the widow. It further provided that if the income is in excess of $3,000, one sixth of the excess, being the share which Walter Howard Harding, deceased, would have received if living, is to go in equal shares to the widow and to Marion I. Harding for life, and in case of the death of either to the survivor; that the principal of the trust fund in excess of the amount necessary to make up the annuities and the unexpended income, if any, is to continue to be held in trust during the joint lives of Mrs. Harding and Marion I. Harding and the life of the survivor, and until the youngest child is twenty-five years of age, and then each child is to be paid $10,000 of said trust fund if it is sufficient therefor, otherwise it is to be equally divided between them; and if then there is an unexpended balance of principal, payments are to be applied to the charitable institutions named.

In determining how the loss shall be borne in case of a deficiency of assets, the primary consideration is the intention of the testator. *Richardson* v. *Hall*, 124 Mass. 228, 233; *S. C.* 127 Mass. 64. A general rule has been adopted in construing wills, based upon the presumed intention of the testator, that "unless it appears from the will that the testator otherwise intended, all general pecuniary legacies abate in equal proportions . . . . The recognized exception to the general rule is where the legatee takes as a purchaser, as where the legacy is given in lieu of dower . . . . In order to give a preference to some over others of general pecuniary legatees, the expression of the intention of the testator so to do must be clear and conclusive." *Porter* v. *Howe*, 173 Mass. 521, 527. *Towle* v. *Swasey*, 106 Mass. 100. *Pope* v. *Pope*, 209 Mass. 432, 438.

The legacy to the widow was entitled to priority over all others because it was founded on a valuable consideration. The contention that she ought not to be allowed this priority because of her agreement with Marion I. Harding cannot be maintained. The testator by reason of the antenuptial agreement was under obligations to her to act in good faith in the matter of giving away or disposing of his property during his life. *Eaton* v. *Eaton,* 233 Mass. 351. But he was under no such obligation to other beneficiaries under his will, and his widow owed them no duty to institute legal proceedings to recover the estate for their benefit. Whatever the reasons which led the parties to make the agreement to place $50,000 in trust may have been, and whatever may have been the source from which Marion I. Harding obtained the money which was paid to trustees, that fund did not become assets of the testator's estate and his widow did not lose her right to insist on the priority of her legacy by reason of her antenuptial agreement and relinquishment of her right of dower. There is nothing in the terms of the agreement to lead to a different conclusion.

The provisions for annuities to the testator's sister and brother for life show a clear intention that those legacies shall have priority over all other residuary legacies except that to the widow. See *Towle* v. *Swasey,* 106 Mass. 100, 105, *Richardson* v. *Hall,* 124 Mass. 228, 234.

The provisions for two of the testator's sisters who died before the death of the testator never took effect. His brother having died, the income theretofore received by him was by the terms of the will to be equally divided among the survivors of the five beneficiaries for life. The decree in its provisions for Marion I. Harding and for the payment of income which the deceased brother had theretofore received, conformed to the intention of the testator. The provision in the will for the payment of $10,000 when each child reached the age of twenty-five years was general in its nature and was made at a time when the testator did not know that there would be children, and there is nothing in the will to show an intention to give these legacies the same rights of priority which the annuities have. See *Towle* v. *Swasey,*

*supra.* It was the apparent intention of the testator that the general legacies to each child when such child becomes twenty-five years of age, should come next and have priority in the principal remaining after making up the annuities, over legacies residuary in their nature which were to be paid after provision for the children, and the order of priority in regard to the charities in the residuary clause is based upon the intention of the testator as disclosed in the will.

*Decree affirmed.*