Etta M. Quinlan *vs.* Mary F. J. Fegan, executrix, & others.

Norfolk.     March 7, 1929. — May 29, 1929.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Field, JJ.

*Devise and Legacy,* Priority of legacy.

A will contained a specific devise of certain real estate to the wife of the testator's son in trust with broad discretionary powers for the benefit of the son, his wife and their children. In a codicil the testator recited that it had become necessary for him to dispose of that real estate, that he desired "to give" the son's wife "an equivalent for the devise in my will which has thus become nugatory" and that he therefore gave her $10,000 in trust for the same purposes as he previously had given her the real estate in trust. The testator had desired his son to have the specified real estate and requested the son to live there and for a time lived there with the son, and he bequeathed the $10,000 to the wife when he was unable to devise the real estate to her. The assets of the estate were insufficient to pay legacies in full. The son's wife sought in the Probate Court a decree that she be paid $10,000 "in full in priority to the general money legacies left by said will and codicil." The petition was dismissed. *Held,* that

(1) There was nothing in the will and codicil which showed that the testator intended that the legacy in question should be given priority over the other general legacies;

(2) Since neither the terms of the will and codicil nor the extrinsic facts showed the existence of any natural obligation on the part of the testator to provide for the petitioner's family, the legacy to the petitioner, which was a general legacy, was not entitled to priority over other general legacies on the ground that it was given expressly for the "support and care" of the petitioner and her husband, the son of the testator, and the "education and maintenance of their children";

(3) The general legacy to the petitioner was not entitled to priority over other general legacies on the ground that it was given in satisfaction of a legal obligation, no such obligation appearing.

PETITION, filed in the Probate Court for the county of Norfolk on May 5, 1928, described in the opinion.

The petition was heard by *McCoole,* J., and was ordered dismissed. The petitioner appealed.

*A. M. Beale,* for the petitioner.

*H. Williams, Jr.,* (*F. P. Hanford* with him,) for the respondents.

FIELD, J. The question for determination in this case, which is a petition in equity brought in the Probate Court for the county of Norfolk against the executrix of the will and codicil of Michael W. Quinlan and the legatees named therein, is whether the petitioner, Etta M. Quinlan, is entitled to be paid a legacy given to her by the codicil to the will of said Michael W. Quinlan "in full in priority to the general money legacies left by said will and codicil," as prayed for in the petition. The Probate Court decreed that this legacy "was not intended to be in priority to the general money legacies . . . " and dismissed the petition. The petitioner appealed.

The petitioner is the wife of Theodore I. A. Quinlan, who was a son of Michael W. Quinlan. Michael W. Quinlan died March 25, 1922. His will and the codicil thereto were duly probated in the Probate Court for the county of Norfolk (see *Fegan* v. *Quinlan,* 256 Mass. 10). The widow waived the provisions of the will and codicil. The assets of the estate remaining after the payment to her of her distributive share will be insufficient to pay the legacies in full.

The will contained the following provision: "To Etta Quinlan wife of my son Theodore I. A. Quinlan I give my real estate situated in Needham in the County of Norfolk but in trust for the following purposes namely:— To hold the same for the benefit of my said son, Theodore I. A. Quinlan and of herself as his said wife and their children with full power in said trustee to sell the same or any part thereof on procuring a license from the Probate Court for such purpose and to give proper deeds of the same, and no purchaser or

purchasers at any sale thereof, shall be liable for the application of the purchase money, and the proceeds to apply in whole or in such part as she may deem just and reasonable towards the support maintenance and care of my said son of herself as his said wife, and the education and maintenance of their children." The codicil contained the following provision: "Whereas in my said will I gave to Etta Quinlan wife of my son Theodore my place in Needham, as provided in the Seventh paragraph of my will, and Whereas since the execution of said will I have been obliged to transfer said Needham estate to my wife to induce her to sign a mortgage for seven thousand dollars ($7000.) on my home estate, and Whereas I desire to give to said Etta Quinlan an equivalent for the devise in my will which has thus become nugatory, Now therefore, I give to my said daughter-in-law Etta Quinlan the sum of ten thousand dollars ($10,000) but in trust nevertheless to hold the same for the benefit of my said son Theodore and herself and their children to apply said sum and the income thereof in whole or in such part as she may deem just and reasonable toward the support and care of my said son and of herself and the education and maintenance of their children."

The probate judge found "that the deceased desired his son Theodore to have the benefit of the Needham property and that he requested his said son to reside there, and for a time resided in said Needham with his said son" and "that said deceased bequeathed said ten thousand dollars ($10,000) to said petitioner when he was unable to devise said Needham estate to her . . . ." The evidence was taken by a stenographer. It warranted the findings of the probate judge. This evidence included testimony that the testator's son Theodore, at his father's request, with his family occupied the Needham premises for many years, and that the father lived there with them about seven years; that the son made repairs and improvements on the property; that he paid no rent therefor and that the testator furnished him wood and coal and "everything else he wanted there"; that several years before he went there to live his father told him that he had given him the Needham real estate in his will; and again

before he went there to live, his father told him that he "was to have Needham"; that later the testator told both his son and the petitioner that he had changed the gift of his Needham real estate in his will into her name, and still later told both of them of the substitution of the $10,000 legacy for the devise of the Needham real estate.

The petitioner contends that the legacy given to her by the codicil should have priority over the general legacies because (1) "The will shows that the testator intended a preferred legacy"; and (2) "The legacy is preferred because it was given in satisfaction of the testator's obligation to compensate Theodore's family for the loss of the Needham farm which he had contracted to give them."

There is nothing in the will and codicil which shows that the testator intended that the legacy in question should be given priority over the other general legacies. It does not appear therefrom that the testator contemplated the possibility that his estate would be insufficient to pay all the general legacies in full. He did not provide expressly or by implication for the contingency which actually happened, except as under the circumstances it is to be presumed that he intended that all general legacies should abate proportionately. *Towle* v. *Swasey*, 106 Mass. 100, 105. *Bailey* v. *Milligan*, 256 Mass. 90, 93. The legacy to the petitioner is a general legacy. The fact that the testator substituted it for a specific devise of the real estate which he had transferred to his wife in his lifetime and referred in the codicil to this legacy as "an equivalent for the devise in my will" does not give to it the qualities of a specific devise. So far as appears the testator intended to substitute a general legacy with its usual incidents for a specific devise with its usual incidents.

The general legacy to the petitioner is not entitled to priority over other general legacies on the ground that it was given expressly for the "support and care" of the petitioner and her husband, the son of the testator, and the "education and maintenance of their children." Clearly the testator intended to make some provision by this legacy for such "support and care," "education and maintenance," though it is not necessary in this case to determine precisely the legal

effect of the language which he used. The reason for inferring an intention on the part of a testator to prefer gifts for support, care, education and. maintenance, in the absence of any indication of such intention in the language of the will, when there is an insufficiency of assets to pay all general legacies in full, as against the usual presumption of intended equality, is the existence of a natural obligation of the testator to furnish such support, care, education and maintenance and the presumption that he has not failed to discharge this obligation. *Towle* v. *Swasey,* 106 Mass. 100, 107, 108. *Babbidge* v. *Vittum,* 156 Mass. 38, 45, 46. Neither the terms of the will and codicil nor the extrinsic facts show the existence of any natural obligation on the part of this testator to provide for the petitioner's family. His relation to a mature son, and the wife and children of this son, so far as obligation is concerned, is very different from that of a parent to a minor son, for whom no other provision is made, which in *Towle* v. *Swasey, supra,* was held to imply an intention to prefer. The indications of such an intention in the will considered in *Richardson* v. *Hall,* 127 Mass. 64, readily distinguish that case. See *Babbidge* v. *Vittum, supra.* The evidence that the petitioner's family for many years occupied the testator's premises in Needham and that the testator lived with them there for a time falls far short of showing any natural obligation upon the testator to provide for them. It does not appear that the petitioner's family was dependent upon the testator. Yet neither dependence upon the testator, if it had existed, nor relationship by blood and connection by marriage with him, which did exist, would raise any implication that he intended that the legacy in question should be given priority over other general legacies, though such facts might be " auxiliary reasons," where, as is not true here, "the language of the will fairly justifies the inference." *Richardson* v. *Hall, supra,* page 66. See also *S. C.* 124 Mass. 228, 233; *Towle* v. *Swasey, supra; Babbidge* v. *Vittum, supra; Porter* v. *Howe,* 173 Mass. 521, 527.

The general legacy to the petitioner is not entitled to priority over other general legacies on the ground that it was given in satisfaction of a legal obligation. When a legatee

takes as a purchaser for valuable consideration it is to be presumed that the testator intended that the legacy should have priority over legacies which are mere bounties. *Towle v. Swasey, supra. McLean v. Robertson,* 126 Mass. 537, 538, 539. *Porter v. Howe, supra. Bailey v. Milligan, supra.* But it does not appear that the legatee or any person for whose benefit the legacy might be used was such a purchaser. The evidence does not show that the testator was under any legal obligation to the petitioner, her husband or her children. It does not establish any agreement of the testator with his son Theodore to devise to him or to the petitioner the Needham real estate. No such agreement is referred to in the will or codicil. None of the statements of the testator as to his intended disposition of that property, which according to the testimony were made from time to time beginning several years before his son went to Needham to live, are to be construed as promises to make such a disposition thereof in consideration of his son's removing to Needham, continuing to reside there, or performing services on the Needham property. See *Towle v. Swasey,* 106 Mass. 100, 108. When it became impossible for the testator to devise the Needham real estate he was not bound legally to compensate either the petitioner or her husband for his failure to devise it to either of them.

The petition was dismissed properly.

*Decree affirmed.*