REBECCA HALL WHITNEY, executrix, & others *vs.* FRANKLIN A. BUCK & others. June 25, 1975. This is a bill in equity brought by an executrix to determine title to personal property held jointly by the testatrix and her husband and to compel the husband to surrender those assets to his wife's estate. The case comes here on a reservation and report of the evidence by a probate judge under the provisions of G. L. c. 215, § 13. The judge also made a voluntary report of material facts containing findings which are largely tentative and inconclusive. In these circumstances it is our duty to examine the evidence and to decide the case according to our own judgment on questions of law, fact and discretion, giving due weight to any findings of the judge, which will not be reversed unless plainly wrong. *Paone* v. *Gerrig,* 362 Mass. 757, 758-759 (1973). The issue presented, properly stated, is whether an antenuptial agreement (and wills executed at the same time) entered into between the husband and wife constituted a bar to several transfers of personal property from her to him during their marriage, and the subsidiary question whether she intended by those transfers to make gifts to her husband. The transfers (in the form of joint bank accounts and jointly held securities) were made during a three-year period during which the wife suffered severe physical ailments including a fatal bone marrow disease. However, there was no evidence that she was incompetent. Paragraph 3 of the antenuptial agreement provided that neither the husband nor the wife "shall have or acquire any right, title, or claim in and to the real and personal estate of the other." We do not find in that language or elsewhere in the agreement a prohibition which would bar either the husband or the wife from making gifts to the other during their lifetimes. See *Bailey* v. *Milligan,* 256 Mass. 90, 94 (1926); *Harding* v. *Bailey,* 306 Mass. 108, 112 (1940). Compare *Eaton* v. *Eaton,* 233 Mass. 351, 375-376 (1919). See also G. L. c. 209, § 3. The plaintiffs, who are the wife's heirs at law and beneficiaries (with her husband) under the will, are two nieces with whom she had always been friendly, but remarks attributed to her indicated that she felt that they had otherwise been well taken care of. There was evidence that she regarded her marriage as a very happy one, that her husband had taken good care of her, and that she wanted him to have the property. While it

appears that the husband was a most willing recipient of her generosity at the expense of her nieces, and that the evidence reflects an attitude on his part of selfishness and avarice, the plaintiffs have failed to sustain their burden of showing that transfers of her funds into joint names were not made with donative intent (*DePasqua* v. *Bergstedt,* 355 Mass. 734, 736 [1969]; *Egan* v. *Deely,* 361 Mass. 886 [1972]; *Miles* v. *Caples,* 362 Mass. 107, 115 [1972]; *Blanchette* v. *Blanchette,* 362 Mass. 518, 524 [1972]) or that, as the plaintiffs allege, those transfers were procured by fraud or the undue influence of her husband. Accordingly, a final decree is to be entered in the Probate Court dismissing the bill.

*So ordered.*

*Talbot T. Tweedy* for the plaintiffs.

*John W. McIntyre* (*Royal B. Patriquin* & *J. Jerome Coogan* with him) for the defendants.