In re Estate of Harriette S. Daniels.

Mary Reynolds Ely et al., Appellants, v. Charles L. Nye et al., Appellees.

WILLS: Construction—Ambiguous and Inaccurate Codicils. A testator, by treating *unsegregated* sums of money, throughout a will and numerous codicils thereto, as in the nature of *specific* legacies, may thereby very clearly indicate the proper construction of ambiguous and inaccurate codicils. So held where certain codicils which referred to certain paragraphs of the *will* were held to refer to certain paragraphs of former *codicils*.

*Appeal from Linn District Court.*—F. F. Dawley, Judge.

October 18, 1921.

Action brought by the executors of her estate for the construction of the will of Harriette S. Daniels, who died October 24, 1919. A full statement appears in the opinion.—*Affirmed.*

*Trewin, Simmons & Trewin,* for appellants.

*Luberger & Lenihan,* for appellees.

Stevens, J.—This appeal involves the construction of the will and several codicils of Harriette S. Daniels, deceased, the material paragraphs of which are as follows:

Items 3, 4, 5, and 7 of the will:

"Item 3. I give, devise and bequeath unto my executors, in trust, for my sister, Lydia B. Ely, of Brookline, Mass., in token of my love and affection, and in recognition of her kindness to me in times past, the sum of five thousand dollars ($5,000), to be invested as my executors shall see fit, the income of which investment I direct them to pay to my said sister during her lifetime, and upon her decease, it is my will and I so direct, that my said executors shall pay the principal of this bequest, five thousand dollars ($5,000), to Mary E. Page, daughter of Caroline A.

Page, and Mary Reynolds Ely and Lydia B. Ely, daughters of Elisha D. Ely, share and share alike.

"Item 4.   I give, devise and bequeath unto my niece, Mrs. Caroline A. Page, daughter of my sister, Lydia B. Ely, of Brookline, Mass., aforesaid, the sum of five thousand dollars ($5;000).

"Item 5.   I give, devise and bequeath unto Miss Mary E. Page, daughter of said Mrs. Caroline A. Page, of Brookline, Mass., the sum of five thousand dollars ($5,000).

"Item 7.   I give, devise and bequeath unto Mary Reynolds Ely and Lydia B. Ely, daughters of my said nephew, Elisha D. Ely, of Canton, Ohio, the sum of five thousand dollars ($5,000) each."

Paragraphs 2 and 3 of the third codicil:

"Second.   I hereby cancel and revoke Item 3 of my said last will and testament, and in lieu thereof I hereby give, devise and bequeath unto my executors in trust for my sister, Lydia B. Ely, of Brookline, Massachusetts, in token of my love and affection, and in recognition of her kindness to me in times past, the sum of five thousand ($5,000) dollars, to be invested as my executors shall see fit, the income of which investment I direct them to pay to my said sister during her lifetime, and upon her decease it is my will, and I so direct that my said executors in trust shall pay the principal of this bequest, five thousand ($5,000) dollars to Mary Reynolds Ely and Lydia B. Ely, daughters of Elisha D. Ely, share and share alike.

"Third.   I hereby cancel and revoke Item 5 of my said last will and testament, and in lieu thereof I hereby give, devise, and bequeath unto my executors in trust, for Caroline A. Page, daughter of my sister, Lydia B. Ely, of Brookline, Massachusetts, the sum of five thousand ($5,000) dollars to be invested as my executors shall see fit, the income of which investment I direct them to pay to the said Caroline A. Page during her lifetime, and upon her decease it is my will, and I so direct, that my executors shall pay the principal of this bequest, five thousand ($5,000) dollars to Mary Reynolds Ely and Lydia B. Ely, daughters of Elisha D. Ely, share and share alike."

Items 2, 3, and 4 of the fourth codicil:

"Item. II.   I hereby revoke and cancel 'Item 3' of my said will and in lieu thereof, I now give, devise and bequeath to Mary Reynolds Ely and Lydia B. Ely, daughters of Elisha D. Ely, the said sum of five thousand ($5,000) dollars, share and share alike in addition to what I may have devised to them in my said will or ·codicils thereto.

"Item III.   I hereby revoke and cancel 'Item 4' of my said will·and in lieu thereof, I now give, devise and bequeath the five thousand ($5,000) dollars therein devised to my niece, Mrs. Caroline A. Page, to the above named Mary Reynolds Ely and Lydia B. Ely, share and share alike, in addition to what I may have devised to them in my said will or codicils thereto.

   "Item IV.   I hereby revoke and cancel 'Item 5' of my said will wherein I devised unto Mary E. Page five thousand ($5,000) dollars and now devise and bequeath the sum of five thousand ($5,000) dollars to the said Mary Reynolds Ely and Lydia B. Ely, share and share alike, in addition to what I may have devised to them in my said will or the codicils thereto."

Item 14 of the fifth codicil:

"Item 14.   I hereby revoke and cancel Item 2 of my second codicil to my will of date June 30, 1906, which said codicil bears date of July 21, 1914, and which codicil revokes and cancels Item 3 of my said will, and in lieu thereof I now give, devise and bequeath to Mary Reynolds Ely, daughter of Elisha D. Ely, the said sum of five thousand dollars ($5,000) this bequest being in addition to what I may have heretofore devised to her in my said will, or any codicil thereto."

Perhaps a brief restatement of the material provisions of the several instruments requiring our consideration, or throwing light upon the intention of testatrix, will enable us to make somewhat clearer the points at issue.   First, as already shown, the will, among other things, makes three bequests of $5,000 each, as follows:   $5,000 to Mary E. Page, Mary Reynolds Ely, and Lydia B. Ely, share and share alike, subject to the payment

of the incomes therefrom during her life to Lydia B. Ely, of Brookline, Massachusetts, sister of testatrix, $5,000 to Mrs. Caroline A. Page, also of Brookline, Massachusetts, daughter of Lydia B. Ely, and $5,000 to Miss Mary E. Page, daughter of Mrs. Caroline A. Page; that, by Paragraph 2 of the third codicil, testatrix revoked the bequest of $5,000 to Mary E. Page, Mary Reynolds Ely, and Lydia B. Ely, and bequeathed $5,000, share and share alike, to Mary Reynolds Ely and Lydia B. Ely, nieces, subject to the payment of the income therefrom, during her life, to her sister Lydia B. Ely, as before; that, by Paragraph 3 of the third codicil, testatrix revoked the bequest of $5,000 to Mary E. Page, daughter of Caroline A. Page, and bequeathed $5,000 to Mary Reynolds Ely and Lydia B. Ely, subject to the payment of the income therefrom to Caroline A. Page, daughter of Lydia B. Ely, sister of testatrix, during her life; that, by Paragraph 3 of the fourth codicil, testatrix again, in terms, revoked the bequest of $5,000 to Mary E. Page, Mary Reynolds Ely, and Lydia B. Ely, and bequeathed $5,000 absolutely, share and share alike, to Mary Reynolds Ely and Lydia B. Ely; that, by Paragraph 3 of the fourth codicil, testatrix revoked the bequest of $5,000 to Mrs. Caroline A. Page, and bequeathed $5,000 absolutely to Mary Reynolds Ely and Lydia B. Ely, share and share alike; that, by Paragraph 4 of the fourth codicil, testatrix revoked the bequest of $5,000 to Mary E. Page, daughter of Mrs. Caroline A. Page, and bequeathed $5,000 to Mary Reynolds Ely and Lydia B. Ely, share and share alike; that, by Paragraph 14 of the fifth codicil, testatrix revoked Paragraph 2 of the fourth codicil, and gave $5,000 absolutely to Mary Reynolds Ely. Thus it appears that Paragraphs 3 and 5 of the original will were, in terms, revoked both by the third and fourth codicils, each of which gave Mary Reynolds Ely and Lydia B. Ely two sums of $2,500 each, or, in the aggregate, $5,000.

The only controversy between the parties is as to what effect, if any, shall be given to Paragraphs 2 and 3 of the third codicil. The court below found that neither of appellants—that is, Mary Reynolds Ely or Lydia B. Ely (now Horner)—took anything by Paragraphs 2 or 3 of the third codicil; that, by the fourteenth paragraph of the fifth codicil, Mary Reynolds is entitled to $5,000; that, by Paragraph 3 of the fourth codicil, each of ap-

pellants is entitled to $2,500, and also, by Paragraph 2 of the fourth codicil, to $2,500 each: that is, that Lydia B. Ely Horner is entitled, in the aggregate, to $5,000 in addition to the bequest made to her in Paragraph 7 of the will, and Mary Reynolds Ely to $10,000 in addition to the bequest made to her in the same paragraph thereof.

Looking further to the provisions of the third and fourth codicils, it will be observed that Paragraph 2 of the third codicil is identical with Paragraph 3 of the original, except that the former eliminates Mary E. Page from participation in the $5,000 bequeathed thereby; that, by Paragraph 3 of the third codicil, which revoked Paragraph 5 of the will, testatrix gave the income from $5,000 to Caroline A. Page during her life, and the principal to Mary Reynolds Ely and Lydia B. Ely, who are not mentioned in Paragraph 4 of the will.

The language of Paragraphs 2, 3, and 4 of the fourth codicil is materially different from that used in the third, but quite as definite and specific. The language of Paragraph 2 is that ''I hereby revoke and cancel Item 3 of my said will and in lieu thereof I *now* give, devise and bequeath to. Mary Reynolds Ely and Lydia B. Ely * * * the *said* sum of five thousand dollars, share and share alike;'' and then follow the words, ''in addition to what I may have devised to them in my said will or codicils thereto.''

Paragraph 3 of the fourth codicil, which revoked Paragraph 4 of the original will, is not in controversy; but attention is called to the fact that the $5,000 which Paragraph 4 of the will gave to Caroline A. Page, testatrix now gives to appellants, share and share alike. The language of Paragraph 4 of the fourth codicil, which revoked Item 5 of the will, is similar to that of Paragraph 2, but the word ''said'' is omitted therefrom.

Much emphasis is given by appellants to the words in both the second and fourth paragraphs of the fourth codicil, ''in addition to what I may have devised to them in my said will, or codicils thereto.'' It must be conceded that this language is significant, and is entitled to serious consideration in the interpretation of the several instruments involved. The words ''said sum of five thousand ($5,000) dollars'' clearly and definitely refer to the sum referred to in Paragraph 3 of the will. The

meaning of testatrix at this point is not uncertain. That $5,000 she "now" gives, share and share alike, to appellants, but the question at once arises: Was this bequest intended to be additional to that contained in Paragraph 7 of the will and Paragraph 2 of the third codicil? We think clearly not. As before stated, testatrix, in her original will, bequeathed three sums of $5,000 each to certain relatives (two nieces, appellants, and a grandniece), which, by the later provisions of her will, she gave to appellants,—$10,000 to Mary Reynolds Ely and $5,000 to Lydia B. Ely Horner. The $5,000 bequeathed to appellants by the second and third paragraphs of the third codicil is manifestly, although not specifically so designated, the same $5,000 that is referred to in Paragraphs 3 and 5 of the original will. When, in Paragraph 2 of the fourth codicil, testatrix again, in terms, revoked Paragraph 3 of the will, and bequeathed $5,000, share and share alike, to appellants, and used the word "said," she clearly indicated that she had in mind the $5,000 referred to in Paragraph 3 of her original will. The word "said" refers to something previously pointed out or designated. *State v. Skeggs,* 154 Ala. 249 (46 So. 268) ; *Hinrichsen v. Hinrichsen,* 172 Ill. 462. Though the language of Paragraph 4 of the fourth codicil is not quite so specific, we think the same intention is clearly inferable therefrom. Manifestly, testatrix did not intend, in terms, to twice revoke Paragraphs 3 and 5 of her will. She must have either forgotten or overlooked the terms of the third codicil, when she executed the fourth. This conclusion is emphasized by the language of Paragraph 3 of the fourth codicil, wherein she refers specifically to the $5,000 bequeathed to Caroline A. Page in Item 4 of her will. The words "in addition to what I may have devised to them by my will or codicils thereto" evidently constitute a saving clause, intended to protect appellants against the possible revocation of some provision previously made for them, and are given effect in connection with the seventh paragraph of her will, in which she gave each of appellants $5,000. In other words, the plain purpose evinced by the testatrix is that she intended these particular designated sums to go to appellants, and the words "in addition" are of secondary, and not of controlling, importance. The effect of these bequests would have been the same if these words had been omitted; and

yet, by the interpretation adopted, full effect is given thereto. By no other construction, however, can effect be given to all the language of Paragraph 2 of the fourth codicil. While, as stated, the language of the fourth paragraph thereof is not quite so specific, nevertheless, by construing the several instruments together, we have no doubt that testatrix referred to the same sums of $5,000 in the third paragraph of the third codicil as in the fourth paragraph of the fourth codicil. Her intention to give two sums of $5,000 each to appellants is clearly indicated by the provisions of both the third and fourth codicils. When she revoked Paragraph 4 of her will, she gave to appellants the $5,000 therein bequeathed to Mary E. Page, thereby finally disposing of the three $5,000 items specifically disposed of by the original will.

It is urged by counsel for appellants that none of the bequests are of specific property, and that a legacy is specific only "when it is the intention of the testator that the legatee should have the very thing bequeathed to him, and not merely a corresponding amount in value." This language is quoted from *Bales v. Murray,* 186 Iowa 649. The distinction between a specific and a general legacy is that the former refers to a particular thing, capable of precise identification; while the latter is one which does not refer to any certain or definite property, capable of precise identification, and which must be paid and satisfied out of the general assets of the estate.

The question at this point is not whether the will refers to particular sums of money that have been segregated and so set apart as to be capable of precise identification, but is: What was the intention of the testatrix? Had she formed the desire and intention of disposing of three sums of $5,000 each to certain of her relatives repeatedly named in a particular way? Had these separate sums assumed in her mind the form of specific items of property, and if so, is it not the duty of the court, in the construction of her will and the several codicils thereto, to so treat these bequests?

The words "said sum of $5,000" can be understood only as referring to a prior bequest of a like sum, which she had forgotten or overlooked. Corroboration is given to this thought by the fact that, in the opening paragraph of the fourth codicil, she

erroneously refers to it as "this second codicil," and again in Paragraph 14 of the fifth codicil, she makes the same error. That testatrix in fact referred to the second paragraph of the fourth codicil, and not to the second codicil, is conclusively established by the fact that she also designated it by the correct date of the fourth codicil. Each bequest in the several codicils follows a revocation of a prior bequest of a like sum.

It is our conclusion that testatrix at all times had in mind three separate sums of $5,000 each, which, although not specially segregated from her estate and set apart as in the form of notes, bonds, or certificates of deposit, had, nevertheless, assumed the same character or classification in her mind as though they were so set aside and designated; and that it was her intention, when she executed the fourth codicil, to revoke all prior bequests of these sums. She at no time intended same to be additional to the items mentioned in Paragraphs 2 and 3 of the third codicil. The effect of the execution of the fourth codicil was to revoke these bequests.

It follows that, as found by the court below, Mary Reynolds Ely takes $5,000 under Item 14 of the will and $2,500 under the third and fourth paragraphs of the fourth codicil, and that Lydia B. Ely Horner takes $2,500 under each of the third and fourth paragraphs thereof, and nothing under Paragraph 2, which, as stated, was revoked by Item 14 of the fifth codicil. It follows that the finding and judgment of the court below must be and are—*Affirmed*.

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.