OLD COLONY TRUST COMPANY AND JESSE W. MORTON, EXECUTORS OF THE WILL OF JENNIE K. BALDWIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81071. Promulgated October 12, 1938.

*Francis V. Barstow, Esq.*, for the petitioners.
*Paul E. Waring, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $6,251.49 in the income tax of the decedent's estate for 1934. The facts are contained in a written stipulation and need not be set forth in detail.

The decedent died in 1933, leaving a will containing numerous pecuniary legacies. The executors were unable to pay these legacies in full; in 1933 and 1934 they sold securities at a profit, and in 1934 they distributed $44,854.25 profit and some other income among the pecuniary legatees pro rata. In their 1934 income tax return they took a deduction of this amount, which they called "distribution—beneficiaries' share of income and credits." The Commissioner disallowed the deduction and stated as his reason: "The amounts claimed are legacies under the will and not income distributions." The executors assail this disallowance and claim that the deduction is allowable under Revenue Act of 1934, section 162 (b) or (c).[1]

Although the amount in question was "income of the estate for its taxable year" and "income received by the estate of a deceased person during the period of administration or settlement of the estate", and was in fact distributed in the taxable year "by the fiduciary to the beneficiaries" and "properly paid or credited during such year to a legatee, heir or beneficiary" and thus is literally described in the statute, it is nevertheless, by virtue of prior decisions, not deductible by the fiduciaries. These sections of the statute are to be read in the light of the general precept of *Helvering* v. *Butterworth*, 290 U. S. 365; *Helvering* v. *Pardee*, 290 U. S. 365; *Bush* v. *Commissioner*, 89 Fed. (2d) 596; *Anna M. Chambers et al., Trustees*, 33 B. T. A. 1125; *William B. Weigel et al., Trustees*, 34 B. T. A. 237, that the income of an estate is to be taxed to either the fiduciary or the beneficiary distributee, and that it may not be permitted to escape tax by falling in some way between the two. The pecuniary legatees were apparently entitled to the distributions which the fiduciaries made, notwithstanding that the fund consisted of what the revenue act calls income to the fiduciary and there is nothing in the will

---

[1] (b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

which expressly gives the pecuniary legatees any claim upon income of the estate as such. Certainly the propriety of such distribution is not to be questioned in this proceeding, and appears to be supported by decisions of Massachusetts. *Tomlinson* v. *Bury*, 145 Mass. 346; 14 N. E. 137; *Porter* v. *Howe*, 173 Mass. 521; 54 N. E. 255; *Chase* v. *Union National Bank*, 275 Mass. 503; 176 N. E. 508; *Smith* v. *Livermore* (Mass.), 10 N. E. (2d) 117. However anomalous the statement may appear to be, it is nevertheless correct to say that what the legatees received by these distributions as the principal of their legacies under the will were shares of estate income; i. e., what was income to the executors became upon distribution a realization of principal to the legatees. *Weigel* v. *Commissioner*, 96 Fed. (2d) 387, affirming 34 B. T. A. 237, and *Anna M. Chambers et al., Trustees*, *supra*, held that such a distribution of what the fiduciary calls income and the distributee calls corpus is not within the intendment of the statutory deduction allowed to the fiduciary, since the complementary provision of the statute which would require the receiving beneficiary to include the amount within his taxable income, is plainly inapplicable.

The Commissioner's disallowance of the deductions to the executors is sustained.

*Judgment will be entered for the respondent.*