GLADYS SHERMAN & another vs. LOUISE B. WOODARD, executrix, and others.

Plymouth.   March 7, 1945. — May 8, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Devise and Legacy,* Priority of legacy.

In a will with provisions showing a general intent to make one named therein as executrix and trustee and her family the principal ultimate beneficiaries, and a paragraph directing payment to the trustee of a certain amount of money, the income thereof and principal if necessary to be used for the comfortable support and maintenance of a brother of the testatrix during his life and on his death the remainder of the fund to be paid over to the person named as trustee "free from the trust," and with a subsequent paragraph stating that, if the estate should be insufficient to pay all of the legacies in full, "the legacy constituting the trust for the benefit of" the brother "shall be paid in full before the payment of any other legacies," such priority was given to the whole amount of the legacy in trust, and not merely to the brother's life interest therein; and such construction of the will was not affected by the facts that, although the testatrix evidently contemplated that the brother would survive her for a substantial period, he died about a year after the executrix was appointed, about nine months after the trustee was appointed and about six months after she had transferred more than half of the trust legacy from herself as executrix to herself as trustee, nor by the fact that her accounts as executrix had not been allowed.

PETITION, filed in the Probate Court for the county of Plymouth on January 11, 1944.

The case was heard by *Stone, J.*

*M. A. Shattuck,* (*J. W. Keith* with him,) for the respondent Woodard, executrix.

*O. V. Fortier,* for the petitioners.

LUMMUS, J.   By her will, Jessie M. Sullivan gave a legacy of $2,000 to the petitioner Gladys Sherman and one of $500 to the petitioner Lillie Henderson.   The respondent Louise B. Woodard was appointed executrix.

On January 11, 1944, more than a year having elapsed since the death of the testatrix and the probate of the will,

the petitioners brought this petition to require payment of their legacies. The answer set up the insufficiency of the assets. *Rondeau* v. *Miller,* 314 Mass. 750. After hearing, on October 9, 1944, the judge ordered the executrix to pay the legacies with interest, and upon motion ordered payment out of the estate of $300 to counsel for the petitioners as costs and expenses. The executrix appealed. The evidence is reported, and the judge reported the material facts under G. L. (Ter. Ed.) c. 215, § 11.

The facts are as follows. Besides property specifically devised or bequeathed, and consequently not available for the payment of ordinary pecuniary legacies (*Towle* v. *Swasey,* 106 Mass. 100, 106), the testatrix left assets amounting to $21,744.64. Out of that sum must be paid debts and expenses amounting to $2,623.89, leaving $19,120.75. An action for services rendered the testatrix, with an ad damnum of $5,000, is pending. Besides, the undetermined Massachusetts succession taxes must be paid out of that balance of $19,120.75. The ordinary pecuniary legacies, exclusive of the legacy given by the second paragraph of the will, amount to $11,100. By the second paragraph the testatrix gave $20,000 to Louise B. Woodard as trustee, in trust to invest the same in savings banks and from the income to pay certain expenses on real estate held by the trustee and to pay $10 a week to Duke W. Henderson, a brother of the testatrix, for his life, with power to use principal for his comfortable support and maintenance if needed. At his death the remainder of said $20,000 was to be paid over to said Louise B. Woodard free from trust.

By the seventeenth paragraph the testatrix provided as follows: "In the event that my estate shall be insufficient to pay all of the legacies in this will in full, I direct that the legacy constituting the trust for the benefit of my brother, Duke W. Henderson, in Clause [paragraph] Second, shall be paid in full before the payment of any other legacies."

If the whole legacy of $20,000 given by the second paragraph is entitled to the priority provided by the seventeenth paragraph, it is evident that nothing can be paid to the petitioners upon their legacies.

The decisive question is whether the priority given by the seventeenth paragraph applies to the whole legacy of $20,000 given in trust by the second paragraph, or only to the interest therein of the life beneficiary Duke W. Henderson. Literally, the former construction accords with the words of the will giving priority to "the legacy constituting the trust for the benefit of my brother, Duke W. Henderson, in Clause [paragraph] Second," and providing that that legacy "shall be paid in full before the payment of any other legacies." The will evidently contemplated that Henderson would survive the testatrix for a substantial period. If the latter construction should be adopted, there would be no way of setting up the trust fund presently, and giving Henderson his beneficial rights therein during his life, and then compelling the remainderman to share equally with other legatees in case of a deficiency of assets, except by postponing the settlement of the estate until the death of Henderson, no matter how long that might be delayed. Nothing in the will suggests an intent to do that. Such a purpose would be impractical and hardly to be attributed to the testatrix. As against these considerations, we are not impressed by the fact that Louise B. Woodard was given another pecuniary legacy of $6,000 for which no priority was provided, and certain specific bequests. The will shows a general intent to make her and her family the principal ultimate beneficiaries of the estate. The construction that we adopt accords with that intent.

The construction of the seventeenth paragraph is not affected by the fact that Henderson died on December 31, 1943, about one year after Louise B. Woodard was appointed executrix, about nine months after she was appointed trustee under the second paragraph, and about six months after she transferred more than $10,000 in savings bank deposits from herself as executrix to herself as such trustee. It is true that if he had not survived the testatrix the trust intended for his benefit would have lapsed and the legacy of $20,000 would have been paid directly by the executrix to herself as remainderman. *Lyford* v. *McFetridge*, 228 Mass. 285, 289. *Smith* v. *Livermore*, 298 Mass. 223, 237–240.

And if he had barely survived the testatrix, the trust need not have been set up. *Harlow* v. *Bailey*, 189 Mass. 208, 213. In the present case, Henderson not only survived the testatrix but survived also the setting up of more than half of the trust fund. The mere fact that the accounts of the executrix have not been allowed does not enable the petitioners to ignore the actual partial establishment of the trust fund. *First National Bank* v. *Truesdale Hospital*, 288 Mass. 35. *Springfield National Bank* v. *Couse*, 288 Mass. 262. *Mosher* v. *Mosher*, 293 Mass. 105, 108. In the present case, unlike *Smith* v. *Livermore, supra,* and other cases relied on by the petitioners, the trust fund on the death of Henderson was not to become part of the residue of the estate of the testatrix. In the present case, too, Henderson became entitled to, and received, the benefit of income from the trust fund from the date of the death of the testatrix. G. L. (Ter. Ed.) c. 197, § 26. *Silverman* v. *New York Life Ins. Co.* 317 Mass. 101, 105, and cases cited. Scott, Trusts (1939) §§ 234, 234.2, 234.4. The trust in this case did not lapse, but took effect, and the gift over to Louise B. Woodard was by way of remainder.

The decree is reversed, and the petition is to be dismissed. But in view of the fact that we have rested our decision upon the construction of the will, the appellant is content with the allowance to counsel for the petitioners which was made in the Probate Court under G. L. (Ter. Ed.) c. 215, § 45. That allowance is to be included in the decree after rescript.

*So ordered.*