In re Estate of Henry Van Wechel.

Winifred Van Wechel et al., Appellants, v. Henry Westra et al., Appellees.

No. 47572.

(Reported in 41 N.W. 2d 694)

514

March 7, 1950.

Van Oosterhout, Te Paske & Rens, of Orange City, for appellants.

Klay & Klay, of Orange City, for H. C. Moret, executor of the estate of Henry Van Wechel, appellee.

Maurice A. Te Paske, of Sioux Center, for Trinity Reformed Church of Orange City, Board of Foreign Missions of Reformed Church of America, and Board of Domestic Missions of Reformed Church of America, appellees.

Lewis De Koster, of Orange City, for Gerrit Wagner, Case Wagner, Mrs. Jacob Draapdaal, and Walt Waggonaar, appellees.

GARFIELD, J.— The estate is insufficient to pay all debts, charges and legacies in full. The question for decision is whether all general legacies abate pro rata or whether the will clearly shows an intent to prefer the legacies payable to appel-

lants. To "abate", as here used, means to reduce a legacy because of the insufficiency of the estate to pay all debts, charges and legacies in full. In re Estate of Hartman, 233 Iowa 405, 408, 9 N.W.2d 359, 362, and citations. See also 57 Am. Jur., Wills, section 1457.

Testator died in 1948. His will, made in 1946, provides first for the payment of debts. Item 2 is a specific devise of a life estate in land to appellants, testator's brother, John, and sister Winifred. Item 3 devises real estate to Winifred. Item 4 devises real estate to John Westra and item 5 bequeaths to him testator's machinery, parts and business valued at nearly $50,000. Item 6 is a devise of real estate to the children of a deceased sister. Item 7 is a legacy of household goods to appellant Winifred. Item 8 is a devise of a life estate in land to Harry Tiemersma, an employee, and his wife.

Item 9 provides for the legacies appellants claim are entitled to preference over other general legacies. It states, *"Out of the first moneys in my estate,* I give" $10,000 to my sister Winifred and $10,000 to my brother, John.

Item 10 provides for legacies of $7500 to each of two employees, $2500 to the employee Tiemersma named in item 8, and $5000 to each of two other employees—total legacies to employees of $27,500.

Item 11 states, *"Out of the remaining cash funds on hand,* I give" to three religious charities, appellees herein, each $5000.

Item 12 is a gift to one Waggonaar who predeceased testator (Waggonaar's heirs are also appellees) of $2000 *"out of the remaining cash"* and also an automobile.

Item 13 forgives any debts of appellant John to testator.

Item 14 states, "All the rest, residue and remainder of my estate, *if any,* I give in trust" to my executor. The income from this residuary fund is payable to appellants for life and then to be divided equally among two of the three appellee charitable institutions and two other charities.

The words of items 9, 11, 12 and 14 italicized by us are relied upon by appellants as showing testator's intent to create a preference as to payment of the legacies to them in item 9.

Total appraised value of the estate is about $216,000. Personal property not specifically disposed of is valued at about

$80,000. Claims filed against the estate exceed $6000. Executor's and attorneys' fees are $9000. The federal estate tax, principal reason for the deficiency, is about $32,000. After claims, fees and estate tax are deducted, approximately $33,000 remains for payment of the general legacies which total $64,500.

There is no evidence of testator's intent except the will itself. Appellants are apparently testator's nearest relatives. At least the only other relatives mentioned in the will are the children of a deceased sister, devisees in item 6.

The trial court held the general legacies abate pro rata. That is, that the assets available for such legacies be distributed ratably among the donees and that John's and Winifred's legacies in item 9 are not entitled to preference. John and Winifred have appealed.

As appellants concede in argument, items 2 to 8 inclusive are specific devises (of realty) or specific legacies (of personalty) and items 9 to 12, except for the gift of the automobile in item 12, are general pecuniary legacies. For definitions of specific and general legacies see In re Estate of Hartman, supra, 233 Iowa 405, 408, 9 N.W.2d 359, 361, and citations; Leighton v. Leighton, 193 Iowa 1299, 1313, 188 N.W. 922; In re Estate of Daniels, 192 Iowa 326, 332, 184 N.W. 647; 57 Am. Jur., Wills, sections 1401, 1402.

Where the estate is insufficient to pay all obligations and legacies, unless the will expresses a contrary intent, legacies which are mere bounties, not based upon a consideration (as in lieu of dower or in payment of a debt), abate in this order: (1) residuary legacies (2) general legacies, and (3) specific legacies. 57 Am. Jur., Wills, section 1459; 69 C. J., Wills, section 2181, page 981. See also Parsons v. Reel, 150 Iowa 230, 129 N.W. 955; In re Estate of Carpenter v. Wiley, 166 Iowa 48, 54, 55, 147 N.W. 175; Carpenter v. Lothringer, 224 Iowa 439, 457, 275 N.W. 98.

It is well-settled that general legacies which are mere bounties abate pro rata unless an intention to the contrary is clearly expressed or implied in the will. The presumption is that testator considered his estate sufficient to pay all legacies and that equality was intended, and the burden is on a legatee who claims a preference to show clearly that testator so intended. Of course a testator may indicate his intent that gifts be paid in

a certain order of priority. Where such intent clearly appears full effect will be given thereto. No preference will be given, however, where the expressions in the will relied upon are ambiguous.

In support of the above propositions see Porter v. Howe, 173 Mass. 521, 54 N.E. 255, 256; Emery v. Batchelder, 78 Maine 233, 3 A. 733; Titus' Admr. v. Titus, 26 N. J. Eq. 111; 4 Page on Wills, Lifetime Ed., section 1494, pages 314, 315; 57 Am. Jur., Wills, section 1462; 69 C. J., Wills, sections 2171–2173, pages 976–979; annotations 34 A.L.R. 1247, 101 A.L.R. 704. See also Parsons v. Reel, supra, 150 Iowa 230, 129 N.W. 955; sections 635.77, 635.78, Code, 1946.

These authorities indicate that courts in cases of this kind look favorably upon the doctrine "equality is equity" and are somewhat reluctant to hold that general legacies do not abate ratably.

■ We think testator's intent to provide for priority of right as to the legacies in item 9, in the event of a deficiency, does not clearly and definitely appear from the language of the will. At best such language leaves the matter in doubt. The authorities seem to agree that where there is doubt as to testator's intent no preference will be decreed but the deficiency must be borne ratably as the trial court ordered here.

■ An important if not controlling inquiry in this class of cases is whether the will indicates testator anticipated the chance of a deficiency and provided therefor. There is no clear indication in this will that testator anticipated his estate might be insufficient to pay these general legacies in full. The pecuniary legacies in items 9 to 12 and the direction in item 13 to forgive any indebtedness of appellant John are followed by the residuary clause in item 14, "All the rest * * * of my estate, if any, I give in trust" to my executor, etc. The words "if any" upon which appellants rely indicate nothing more than that testator may have anticipated there might be nothing left *after* payment of the legacies in items 9 to 12.

■ This will does not expressly state that the legacies in item 9 shall not abate or that "If my estate should be insufficient to pay in full all pecuniary legacies in items 9, 10, 11 and 12 it is my will that they be paid in that order." Wills frequently

518

contain such provisions which govern the matter of abatement and specify the order of payment of pecuniary legacies in the event of a deficiency. See In re Trust of Stork, 233 Iowa 413, 417, 423, 9 N.W.2d 273, 275, 278; Rexford v. Bacon, 195 Ill. 70, 62 N.E. 936, 937; Sherman v. Woodard, 318 Mass. 234, 61 N.E.2d 128; In re Title Guarantee & Trust Co., 195 N. Y. 339, 88 N.E. 375, 376; Clement v. Whisnant, 208 N. C. 167, 179 S.E. 430, 101 A. L. R. 698, and annotation 704.

As stated, appellants rely (in addition to the words "if any" in the residuary clause, item 14) upon the language in item 9, "Out of the first moneys in my estate" and the words in items 11 and 12 "Out of-the remaining cash." Appellees (the charities named in item 11 and the heirs of Jacob Waggonaar, legatee in item 12) contend and the trial court evidently held that the above recitals may well refer only to priority in *time* of payment upon the assumption by testator his estate would be sufficient to pay these legacies in full and do not definitely indicate a preference or priority of *right*. We are not prepared to hold the conclusion reached by the trial court is erroneous.

It will be noticed that general legacies to employees which total $27,500 in item 10 are not preceded by the recital "Out of the remaining cash" found in items 11 and 12. Any claim that the legacies in item 9 are entitled to priority of right over those in item 10 must rest largely upon the words in item 9, "Out of the first moneys in my estate."

It is not entirely clear whether the recital "Out of the remaining cash" in item 11 means cash remaining after payment of the legacies in item 9 only or cash remaining after payment of the legacies in both items 9 and 10. Nor is it certain whether the words in item 12 "out of the remaining cash" refer to cash remaining after payment of the legacies in item 9 only, those in both items 9 and 10, or payment of all the legacies in items 9, 10 and 11.

Thus the language relied upon by appellants as clearly establishing their priority of right seems to us somewhat indefinite and unsatisfactory.

Appellants seek to invoke the familiar rule that in the construction of writings (and statutes) meaning and effect will, if reasonably possible, be given every provision, clause and word.

See Jensen v. Nelson, 236 Iowa 569, 576, 19 N.W.2d 596, 600, and citations; In re Estate of Edwards, 231 Iowa 71, 73, 300 N.W. 673, 674, and citations; 57 Am. Jur., Wills, section 1129. Appellants argue that unless the will is construed in their favor no effect will be given to the words in items 9, 11, 12 and 14 italicized by us.

However, in order to give meaning and effect to these recitals upon which appellants rely it is not necessary to hold that they create in appellants a prior right to the legacies in item 9. Somewhat similar statements have been held to refer only to time of payment or priority of application of assets and not to priority of right.

The annotation in 34 A.L.R. 1247, 1254, 1255, states:

"A direction that one general legacy is to be paid 'in the first place,' or before other general legacies, is regarded as a direction for a priority of administration or realization and application of the assets, and not as a priority of rights and interests * * * and such direction * * * does not * * * entitle it to a preference over them."

To much the same effect is 4 Page on Wills, Lifetime Ed., section 1495, pages 318, 319. See also annotation 101 A.L.R. 704. We conclude the language relied upon by appellants is of this character.

Among the authorities cited in support of the statement just quoted is Blower v. Morret, 1752, 2 Ves. Sr. 420, 421, 28 Eng. Rep. 268, 269, where a general legacy to the wife contained the direction " 'to be paid her immediately after my decease out of the first money belonging to me, that should be got in after my death; * * *'." The court held it takes very strong words in a will to induce the court to give way to a claim that legacies should not abate in proportion with others and that "the direction *to be paid, etc.* is not sufficient to give her a preference: for that only relates to the time of payment. * * * Then the other words, *'out of the first money, etc.'* are only consequential to the direction, that it should be paid immediately; * * * but still all the legacies must abate in proportion, whatever time of payment the testator has directed; for that will make no difference in right or in preference."

Blower v. Morret, supra, has frequently been cited with approval, as in Porter v. Howe, supra, 173 Mass. 521, 54 N.E. 255, 257. See also Emery v. Batchelder, supra, 78 Maine 233, 3 A. 733; Titus' Admr. v. Titus, supra, 26 N. J. Eq. 111.

That appellants appear to be testator's nearest relatives and the only relatives among the general legatees do not entitle them to the claimed preference although these are matters which may be considered in determining testator's intention. Porter v. Howe, supra, 173 Mass. 521, 54 N.E. 255, 256.

We have repeatedly said that precedents are of little help in the interpretation of a particular will except as they state principles which may aid in arriving at testator's intent. Wright v. Copeland, 241 Iowa 447, 455, 41 N.W.2d 102, 107, and citations. However the authorities cited by appellants have been carefully considered. None of them requires a reversal.—Affirmed.

All JUSTICES concur.